

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN DOE,<br><br>    Plaintiff,<br><br>    v.<br><br>BOBBY ALANDIS BOGAN, *et al.*,<br><br>    Defendants. | Civil Action No.<br><br>Chief Judge Beryl A. Howell |

Case: 1:21−mc−00073
Assigned To : Unassigned
Assign. Date : 6/8/2021
Description: Misc.

## MEMORANDUM AND ORDER

Plaintiff has filed a motion to proceed under pseudonym in his action alleging defamation and negligent supervision.  Pl.'s Mot. Leave to Proceed Anonymously ("Pl.'s Mot.") at 1.  For the reasons set forth below, plaintiff's motion is denied.[1]

**I.    BACKGROUND**

Plaintiff is a resident of Washington, D.C., who lived at an apartment complex at 1500 Massachusetts Avenue NW.  Compl. ¶ 1.  On March 21, 2021, plaintiff had an interaction with defendant Bobby Alandis Bogan, another resident of the apartment complex, while taking the elevator.  *Id.* ¶ 17.  Plaintiff asserts that he asked defendant Bogan not to enter the elevator because of the apartment complex's COVID-19 policy, which requested that tenants ride elevators only with members of their own households.  *Id.* (citing *id.* ¶ 11).

Plaintiff asserts that defendant Bogan then contacted defendant Dominique Thomas, the general manager for the apartment management company, and told Thomas that plaintiff had used a racial slur towards Bogan and "caused a scene at the elevator."  *Id.* ¶ 21. Bogan

---

[1]    *See* LCvR 40.7(f) (providing that the Chief Judge shall "hear and determine . . . motion[s] to seal the complaint, motion[s] to seal the address of the plaintiff, and motion[s] to file a pseudonymous complaint"); *see also* LCvR 5.1(h)(1) ("Absent statutory authority, no case or document may be sealed without an order from the Court.").

1

then called the police and filed an incident report. *Id.* ¶ 22. Thomas related Bogan's allegations to plaintiff later in the day through the following email, which notably does not appear to have taken Bogan's allegations as true:

> It has been brought to my attention that there was a disturbance between you and another resident. According to the information I received, derogatory and profane language was used by your persons towards the other resident. If this is the case, note that this is completely unacceptable and will be tolerated. Please consider this email as your warning. If this unacceptable behavior persists, an official lease violation will be issued, and you will be subject to eviction.

*Id.* ¶ 27. Plaintiff further alleges that Thomas conveyed the information she received to the police, "without suitable investigation or concern for the truth or falsity of the statement." *Id.* ¶ 28

Plaintiff claims that to have suffered emotional damages and reputational harm from defendants' allegedly false statements. *Id.* ¶ 29. He seeks to proceed under pseudonym primarily "because he is concerned that the defamatory statement of him calling Defendant a racial slur might be prejudicial to both his case and his career as a legal professor." Pl.'s Mot. at 3.

## II. LEGAL STANDARD

Generally, a complaint must state the names of the parties and address of the plaintiff. FED. R. CIV. P. 10(a) ("The title of the complaint must name all the parties."); LCvR 5.1(c)(1) ("The first filing by or on behalf of a party shall have in the caption the name and full residence address of the party," and "[f]ailure to provide the address information within 30 days of filing may result in the dismissal of the case against the defendant."); LCvR 11.1 (same requirement as LCvR 5.1(c)(1)). The Federal and Local Rules thus promote a "presumption in favor of disclosure [of litigants' identities], which stems from the 'general public interest in the openness of governmental processes,' . . . and, more specifically, from

2

the tradition of open judicial proceedings." *In re Sealed Case*, 931 F.3d 92, 96 (D.C. Cir. 2019) (internal citations omitted) (quoting *Wash. Legal Found. v. U.S. Sentencing Comm'n*, 89 F.3d 897, 899 (D.C. Cir. 1996)).  That "presumption of openness in judicial proceedings is a bedrock principle of our judicial system." *In re Sealed Case*, 971 F.3d 324, 325 (D.C. Cir. 2020) (citing *Courthouse News Serv. v. Planet*, 947 F.3d 581, 589 (9th Cir. 2020)). Accordingly, courts "generally require parties to a lawsuit to openly identify themselves to protect the public's legitimate interest in knowing all of the facts involved, including the identities of the parties." *Id.* (internal quotation marks and alterations omitted) (quoting *United States v. Microsoft Corp.*, 56 F.3d 1448, 1463 (D.C. Cir. 1995) (per curiam)).

Despite the presumption in favor of disclosure, the Federal Rules of Civil Procedure provide a narrow set of circumstances in which a party or nonparty's name and other filings may be redacted to protect privacy by limiting public access.  *See, e.g.*, FED. R. CIV. P. 5.2 (a)(1)–(4) (requiring, "[u]nless court orders otherwise," use of only initials for minors, only partial birthdates, social-security, taxpayer-identification and financial account numbers); FED. R. CIV. P. 5.2(e)(1) (authorizing court order, for good cause, to "require redaction of additional information").

Courts also, in special circumstances, may permit a party to proceed anonymously.  A party seeking to do so, however, "bears the weighty burden of both demonstrating a concrete need for such secrecy, and identifying the consequences that would likely befall it if forced to proceed in its own name." *In re Sealed Case*, 971 F.3d at 326.  Once that showing has been made, "the court must then 'balance the litigant's legitimate interest in anonymity against countervailing interests in full disclosure.'" *Id.* (quoting *In re Sealed Case*, 931 F.3d at 96). When weighing those concerns, five factors, initially drawn from *James v. Jacobson,* 6 F.3d

3

233, 238 (4th Cir. 1993), serve as "guideposts from which a court ought to begin its analysis." *In re Sealed Case*, 931 F.3d at 97. These five factors are:

> (1) whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of [a] sensitive and highly personal nature; (2) whether identification poses a risk of retaliatory physical or mental harm to the requesting party or[,] even more critically, to innocent non-parties; (3) the ages of the persons whose privacy interests are sought to be protected; (4) whether the action is against a governmental or private party; and relatedly, (5) the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously.

*Id.* (citing *James*, 6 F.3d at 238).

At the same time, a court must not simply "engage in a wooden exercise of ticking the five boxes." *Id.* Rather, the "balancing test is necessarily flexible and fact driven" and the five factors are "non-exhaustive." *In re Sealed Case*, 971 F.3d at 326. In exercising discretion "to grant the rare dispensation of anonymity . . . the court has 'a judicial duty to inquire into the circumstances of particular cases to determine whether the dispensation is warranted' . . . tak[ing] into account the risk of unfairness to the opposing party, as well the customary and constitutionally-embedded presumption of openness in judicial proceedings." *Microsoft Corp.*, 56 F.3d at 1464 (quoting *James*, 6 F.3d at 238 (other internal citations and quotation marks omitted)).

## III.    DISCUSSION

At this early stage of the litigation, plaintiff has not met his burden of showing that his legitimate privacy interests outweigh the public's presumptive and substantial interest in knowing the details of this litigation. Plaintiff presents no remotely compelling justification for "the rare dispensation of anonymity," *In re Sealed Case*, 971 F.3d at 326, and has failed to make the required threshold showing of a legitimate privacy interest, *see id.*

4

Plaintiff gives three reasons for seeking anonymity. First, he expresses "concern[] that the defamatory statement of him calling Defendant a racial slur might be prejudicial to both his case and his career as a legal professor." Pl.'s Mot. at 3. Second, he argues that "the accusation made about him is one that is embarrassing to have presented to the community at large, and there is no need for the public to have access to such information." *Id.* Last, he contends that filing anonymously will allow him "to reduce his damages." *Id.*

The last rationale is easily rejected: even if defendant could be liable for additional damages due to plaintiff's repetition of a defamatory statement in court, this kind of pecuniary interest has nothing to do with any legitimate privacy interests that could merit anonymity. Neither of plaintiff's other rationales supports his request for anonymity. He does not explain how publicly identifying himself could "be prejudicial to his case," *id.*, and it is difficult to imagine how it could be. Plaintiff's concerns that public association with the racial slur—even in the context of a defamation suit—could harm "his career as a law professor" or be "embarrassing to have presented to the community at large" similarly fail to rise to the level of legitimate privacy interests. These are not "matter[s] of [a] sensitive and highly personal nature." *In re Sealed Case*, 931 F.3d at 97. They "bear no resemblance to those types of intimate or sensitive personal information" that are traditionally recognized under this factor, "such as sexual activities, reproductive rights, bodily autonomy, medical concerns, or the identity of abused minors." *In re Sealed Case*, 971 F.3d at 327. Instead, they are the kind of "annoyance and criticism that may attend any litigation." *In re Sealed Case*, 931 F.3d at 97. Plaintiff's assertion that the public has no interest in his identity lacks support and is contrary to binding precedent. *See In re Sealed Case*, 971 F.3d at 326 (highlighting the "public's

5

legitimate interest in knowing all of the facts involved, including the identities of the parties").

The allegations in defamation cases will very frequently involve statements that, if taken to be true, could embarrass plaintiffs or cause them reputation harm. This does not come close to justifying anonymity, however, and plaintiffs regularly litigate defamation claims on the public docket even when the allegedly defamatory statement could, if taken as true, cause them some reputation harm. *See, e.g.*, *Jankovic v. Int'l Crisis Grp.*, 494 F.3d 1080, 1084 (D.C. Cir. 2007) (defamation case involving "documents that allegedly link [plaintiff] and his business interests to Serbian president Slobodan Milosevic, who was put on trial as a war criminal before his death").

In sum, plaintiff presents no compelling justification for "the rare dispensation of anonymity," *In re Sealed Case*, 971 F.3d at 326, and has utterly failed to demonstrate a need for secrecy.

## IV.   CONCLUSION AND ORDER

For the foregoing reasons, it is hereby

**ORDERED** that the plaintiff's Motion for Leave to Proceed Anonymously is **DENIED**; and it is further

**ORDERED** that the Clerk of Court shall not file plaintiff's Complaint on the docket unless it is filed with plaintiff's full name in accordance with this Memorandum and Order.

**SO ORDERED.**

Date: June 8, 2021

_____
BERYL A. HOWELL
Chief Judge